Whaley, Chief Justice,
delivered the opinion of the court:
The plaintiff entered into a contract with the defendant to “furnish all labor and materials, and perform all work required for construction complete of main hospital building, residence of Medical Officer in charge, four double houses for Junior Medical Officers, Attendant’s quarters, garage, outside mechanical service lines, approaches, retaining walls, and grading of site at the United States Marine Hospital, Seattle, Washington, for the consideration of one million two hundred sixty-nine thousand nine hundred dollars ($1,269,900.00), in strict accordance with the specifications, schedules, and drawings, * * The contractor agreed to commence work as soon as practicable after date of receipt of notice to proceed and to complete the work in 500 calendar days thereafter. Notice to proceed was given June 18, 1931, which fixed the completion date as October 30,1932.
The contract was completed on January 15, 1933. Delays caused by the defendant extended from January 23, 1932, to August 12, 1932.
Plaintiff was given an extension of time of 120 days with an extension of 28 days for a strike which occurred near the end of the completion of the work. There is no claim for any damages for the period extended by reason of the strike.
Plaintiff claims damages by reason of the fact that the defendant stopped the work on this fourteen-story building from the tenth floor up. The tenth, eleventh, and twelfth floors were to be nurses’ quarters.
In the middle of January, 1932, the defendant contemplated placing the nurses’ quarters in a separate building and ordered all work stopped on all floors “above the under side of the tenth-floor slab.” On June 8, 1932, plaintiff was formally ordered to proceed with the changes on the tenth, eleventh, and twelfth floors from nurses’ quarters to hospital quarters. Plaintiff meanwhile had been instructed to *85 and had done some of the work required by the order of June 8, 1932. Then came the order cancelling the order of June 8, 1932. For the work already done the Assistant Secretary of the Treasury issued an order January 26,1933, allowing plaintiff extra compensation of $1,743.86 and 30 days’ extension of time.
But the work so done, or at least a part of it, had to be undone because the defendant decided to go back to the original plans. To cover this reversion to the original plans defendant issued a second change order, May 25, 1934, long after the changes back and forth had been made, increasing the contract price by $5,974.36 and extending the time by 90 days.
This second change order required the taking out of the work which had previously been done under the first change order and the installation of other equipment.
However, while defendant was making up its mind from the day of the “stop order” on all work above the “tenth-floor slab” until the time defendant decided to return to the original plans to have the tenth, eleventh, and twelfth floors for nurses’ quarters, as provided for in the original contract, the plaintiff was delayed by the nonuse of its equipment, the idleness of its supervisory employees, rental cost of equipment, and extra costs of operating its sand and gravel pit, and the extra costs to its subcontractor, Katz & Lewis Plumbing Company.
Due to defendant’s procrastination and its inability to decide definitely what it proposed to do with reference to the three floors mentioned, plaintiff’s extra costs were all in addition to the work which was performed under the change orders.
These change orders were purely and solely for the actual cost of the extra work, and the conduits, pipe sleeves, and stairways, and had nothing to do with the delay in the course of the erection of the building above the tenth floor and to the roof of the fourteenth floor.
Although defendant extended the time 120 days, as a matter of fact plaintiff did not use this number of days in the completion of its contract but was able to complete in *86 "49 days after November 27, 1932, .the new date allowed for the 28 days’ strike.
The amounts sued for are not for extra, material outside of the amounts allowed in the change orders, but are for idleness of plaintiff’s force, office supervision, rental of equipment, etc., substantially all being in the nature of overhead.
Plaintiff has sustained a loss by reason of the stoppage of the work on the floors above the ninth floor of the building for which the defendant is responsible and liable for damages.
Plaintiff Icontends that the contract would have been completed in a shorter period than the actual contract time but the evidence is not sufficient to support this contention.
There are other items of cost claimed by the plaintiff but we do not think they ,are sufficiently proved.
In our judgment plaintiff is entitled to recover for 49 days’ delay, the actual delay beyond the contract period, in the sum of $10,160.90.
It is so ordered.
MaddeN, Judge,; Whitaker, -Judge; and LittletoN, Judge, concur.
Jones, Judge, took no part in the decision of this case.